14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Antonia BRITT, Defendant-Appellant.
 No. 93-6136.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 20, 1993.
Dec. 21, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 Bruce C. Sams, Sams & Hawkins, P.C., for Appellant.
 Richard Cullen, United States Attorney, Gregory A. Gruber, Special Assistant United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and NIEMEYER, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 Michael Antonia Britt appeals the district court's determination that he should be committed to the custody of the Attorney General for care and treatment pursuant to 18 U.S.C. Sec. 4243(e) (1988). Britt argues that the district court committed reversible error by denying his motion for an independent psychiatric examination and that the report of the government-retained psychiatrist did not meet the requirements of 18 U.S.C. Sec. 4247(c) (1988). Finding no error, we affirm.
 
 I.
 
 2
 Britt was found "not guilty only by reason of insanity" of being a felon in possession of a firearm in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1993). Pursuant to 18 U.S.C. Sec. 4243, Britt was committed to the custody of the United States Attorney General for an additional psychiatric examination to determine his suitability for release.[1] Doctor Mansheim examined Britt on December 24, 1992 and filed a report on January 20, 1993. Dr. Mansheim concluded that "Mr. Britt is suffering from a present mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage of property of another." On January 26, 1993, Britt moved for an independent psychiatric examination. The district court denied Britt's motion and committed him to the custody of the United States Attorney General. Britt appeals.
 
 II.
 
 3
 Britt argues that the district court's refusal to grant his motion for an independent psychiatric examination violated his due process rights. Although civil commitment is a significant deprivation of liberty to which procedural due process protections apply, see Vitek v. Jones, 445 U.S. 480, 491-92 (1980), persons subject to commitment proceedings do not enjoy the same degree of rights attendant to a criminal proceeding. Jones v. United States, 463 U.S. 354, 367-68 (1983).
 
 
 4
 After reviewing the private interest affected, the risk of an erroneous deprivation of that interest, the probable value of additional procedural safeguards, the function involved, and the burdens that additional procedural requirements would place on the government, see Mathews v. Eldridge, 424 U.S. 319, 335 (1976); United States v. Phelps, 955 F.2d 1258, 1266 (9th Cir.), cert. denied, 60 U.S.L.W. 3842 (U.S.1992), we hold that the district court did not abuse its discretion in denying an independent examination and that Britt's due process rights were not violated. Furthermore, the use of a government-retained psychiatrist to conduct the psychiatric evaluation of his mental condition was proper.
 
 
 5
 Britt's interest in being free from confinement was substantial; however, that interest was adequately protected by the procedures afforded before and during the hearing. Britt's counsel could have participated in the selection of the psychiatrist. Counsel received notice of the selection of the doctor. At the hearing, counsel had a copy of Dr. Mansheim's report. Britt's counsel could have called possible witnesses, including Britt, friends or relatives, and doctors who have dealt with Britt in the past. In addition, he could have subpoenaed Dr. Mansheim, treated him as an adverse witness, and cross-examined him. See Phelps, 955 F.2d at 1266. Instead, counsel chose not to present evidence or call witnesses. Accordingly, we hold that the district court did not abuse its discretion in denying Britt's request.
 
 III.
 
 6
 Britt also argues that Dr. Mansheim's report did not meet the requirements of 18 U.S.C. Sec. 4247(c) because the report did not include any description of psychiatric, psychological, or medical tests that Dr. Mansheim employed.[2] The statute does not require that the examiner employ a particular test. Dr. Mansheim's report specified the documents used in the evaluation, as well as recounted the entire interview between Dr. Mansheim and Britt. Britt admitted that he still heard voices. Based on the relationship between the current voices and the nature of Britt's past crimes, Dr. Mansheim, in his report, concluded that Britt was dangerous, that his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that he needed continued treatment. Accordingly, the report was properly prepared pursuant to Sec. 4247(c).
 
 
 7
 Because Britt's due process rights were not violated by the denial of his motion for an independent evaluation and because the report of the government-retained psychiatrist was proper, we affirm the district court's order committing Britt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 At this hearing, the judge and the parties decided that Britt would be examined locally and that his counsel could assist in the selection of a psychiatrist
 
 
 [2]
 The relevant portion of Sec. 4247(c) reads:
 A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include-
 (1) the person's history and present symptoms;
 (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
 (3) the examiner's findings; and
 (4) the examiner's opinions as to diagnosis, prognosis, and-
 ... whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.